UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Thaddeus Jakobiec, et al.</u>

   v.                                      Case No. 10-cv-223-PB

<u>Merrill Lynch Life Ins. Co.</u>

**O R D E R**

The ultimate question raised by this case is whether Merrill Lynch Life Insurance Co. can be held liable for the misappropriation of the proceeds of a life insurance policy by an attorney who claimed to represent a trust that was designated as a beneficiary under the policy.  Thaddeus Jakobiec, the sole beneficiary of that trust, Audry Lum and Frederick Jakobiec, co-trustees of the trust, and Edmund S. Hibbard, administrator of the policy owner's estate, have jointly sued Merrill Lynch for breach of contract and negligence.  Merrill Lynch has responded with a motion to dismiss contending that: (1) plaintiffs' claims are barred by the statute of limitations; (2) Thaddeus Jakobiec lacks standing as a trust beneficiary to sue on behalf of the trust; and (3) the complaint fails to state a claim for relief

even if it is not barred by the statute of limitations and the plaintiffs have standing to sue.

## BACKGROUND

Thaddeus Jakobiec was a beneficiary of a testamentary trust established by Lillian Smillie (the "Smillie Trust"). Thaddeus's brother, Frederick Jakobiec, was named as trustee. The attorney for the Smillie Trust was Thomas J. Tessier.

In 1999, Thaddeus's mother, Beatrice Jakobiec, applied to Merrill Lynch for a life insurance policy. The application listed "Frederick A. Jakobiec, Trustee for Thaddeus J. Jakobiec" as a 50% beneficiary and included the taxpayer identification number for the Smillie Trust.

Beatrice Jakobiec died on May 11, 2001 and Frederick Jakobiec asked Tessier to serve as the administrator for his mother's estate. On June 24, 2002, Tessier prepared a fraudulent trust document that purported to create the "Thaddeus J. Jakobiec Irrevocable Inter Vivos Trust." The fraudulent trust named Tessier's brother, Michael Tessier, as trustee. Shortly before he created the fraudulent trust, Tessier filed ex-parte petition in probate court that resulted in the removal

of Frederick Jakobiec as trustee of the Smillie Trust and the substitution of Michael Tessier as successor trustee.

Thomas Tessier notified Merrill Lynch of Beatrice Jakobiec's death on or about July 1, 2002.  Merrill Lynch's response identified the "Thaddeus J. Jakobiec Trust" as the beneficiary under the policy.  Tessier's reply explained that the trust had been established under the will of Lillian Smillie and that Michael Tessier had been substituted as trustee for Frederick Jakobiec.  Inexplicably, however, Tessier gave Merrill Lynch the identification number for the fraudulent trust rather than the Smillie Trust.  When Merrill Lynch informed him of the discrepancy, Tessier supplied the correct identification number for the Smillie Trust and directed Merrill Lynch to pay the proceeds of the policy to "Michael Tessier, Successor Trustee of the Lillian Smillie Trust for the benefit of Thaddeus Jakobiec."

Notwithstanding Tessier's instructions, Merrill Lynch issued a check payable to "The Thaddeus J. Jakobiec Trust." Michael Tessier endorsed the check as "Michael Tessier, Trustee of Thaddeus J. Jakobiec Trust" and released the check to his brother.  Thomas Tessier then deposited the check into his personal account and later paid half of the proceeds to Michael.

3

None of the plaintiffs discovered the fact that Tessier had misappropriated the proceeds of the life insurance policy until 2009, when Merrill Lynch produced a copy of its file on the matter pursuant to a subpoena.

## **RULINGS**

I deny the motion to dismiss for the following reasons:

(1) Whether plaintiffs' claims are barred by the statute of limitations is an issue that requires factual development. Defendant may renew its argument in a properly supported motion for summary judgment after discovery has been completed.

(2) Whether Thaddeus Jakobiec can sue in his capacity as a beneficiary is an issue that I need not resolve at the present time. Even if Merrill Lynch is correct on this point, the case would continue as the standing of the other plaintiffs has not been challenged.

(3) Although it is by no means apparent that plaintiffs will be able to marshal sufficient evidence to support their contentions that defendant's alleged breach of contract and negligence were proximate causes of plaintiffs' injuries, I can

more reliably resolve this matter after the relevant facts have been developed.

Merrill Lynch's motion to dismiss (Doc. No. 21) is denied without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

May 4, 2011

cc:   Steven M. Latici, Esq.
      Emily Rice, Esq.