UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Thaddeus J. Jakobiec et al.**

      **v.**                                                      Case No. 10-cv-223-PB
                                                                        Opinion No. 2012 DNH 134
**Merrill Lynch Life Insurance Co.**


**MEMORANDUM AND ORDER**

Former attorney Thomas Tessier represented a trust that was designated as a beneficiary of a life insurance policy purchased from Merrill Lynch Life Insurance Company ("Merrill Lynch"). With the aid of his brother, whom the probate court appointed as the trustee, Tessier misappropriated the proceeds of the policy. Thaddeus Jakobiec, the sole beneficiary of the trust, Audry Lum and Frederick Jakobiec, co-trustees of the trust, and Edmund S. Hibbard, administrator of the policy owner's estate, jointly bring suit against Merrill Lynch for breach of the insurance contract. Their claim is premised on the assumption that Merrill Lynch breached the insurance contract by making the insurance policy proceeds check payable to a fraudulent trust created by Tessier to perpetuate his misappropriation scheme. Because I determine that plaintiffs cannot prove that the alleged breach caused their injury, I deny their motion for summary judgment and grant Merrill Lynch's motion.

I.  **BACKGROUND**

Beatrice Jakobiec, mother of plaintiffs Frederick and Thaddeus Jakobiec, applied to Merrill Lynch for a life insurance policy in 1989. The application listed as beneficiaries "50% Frederick A. Jakobiec, Son, and 50% Frederick A. Jakobiec, Trustee for Thaddeus J. Jakobiec - IRS ID 02-6075880." The taxpayer identification number listed on the application corresponded to an unnamed testamentary trust established a year earlier under the will of Beatrice's sister, Lillian Smillie (the "Smillie Trust"). Thaddeus was named the sole beneficiary of that trust, and Frederick was designated as the trustee. Thomas Tessier was the attorney retained to represent the trust.

Beatrice died in May 2001. At her wake, Frederick asked Tessier to serve as administrator of her estate. Tessier agreed and Frederick said he would contact him with further instructions. When he did not hear from Frederick, Tessier made numerous attempts to contact him without success. Subsequently, Tessier decided to sort through Beatrice's financial statements and unread mail, and learned that she had purchased a Merrill Lynch life insurance policy.

On June 11, 2002, Tessier filed an ex-parte petition in probate court requesting that Frederick be removed as trustee of the Smillie Trust and that his own brother, Michael Tessier, be appointed as successor trustee. He represented that Frederick had stopped paying

for Thaddeus's care and had failed to respond to Tessier's multiple attempts to contact him. The probate court granted the petition the next day.

On June 24, approximately two weeks later, Tessier prepared a fraudulent trust document that purported to create the "Thaddeus J. Jakobiec Irrevocable Inter Vivos Trust," naming Michael Tessier as the trustee and the death beneficiary (the "Fraudulent Trust"). That same day, Thomas Tessier filed a petition for administration of Beatrice's estate naming Thaddeus as the petitioner and himself as the administrator. He forged Thaddeus's signature on the petition and on a durable power of attorney form. He also forged Frederick's signature on a declination of interest form. Although he was required to report all assets of the estate, Tessier did not list the life insurance policy on the petition, nor did he subsequently inform the probate court of its existence.

Less than a week later, Tessier notified Merrill Lynch that Beatrice had died and that he was representing her son Thaddeus, who he assumed was a beneficiary under her policy. In a letter requesting the production of certain forms, Merrill Lynch identified the "Thaddeus J. Jakobiec Trust" as a designated beneficiary. Tessier's reply explained that the trust had been established under the will of Lillian Smillie and that Michael Tessier had been substituted as trustee for Frederick Jakobiec. He enclosed the

3

certificate of appointment issued by the probate court bearing Michael's name as the trustee of the Smillie Trust.  Inexplicably, however, Tessier listed the Fraudulent Trust rather than the Smillie Trust as the claimant on the claim form and identified the Fraudulent Trust both by its tax identification number and its date of creation.

Merrill Lynch responded on August 2 with a request for clarification.  Its letter explained that the trust designated in the insurance policy had been established years before June 24, 2002, and had a different taxpayer number than the one Tessier had listed on the claim form.  In follow-up letters, Tessier explained that he had provided the wrong taxpayer number, which corresponded to a "totally separate and distinct" trust that "once again [had] Michael E. Tessier serving as Trustee."  Doc. No. 36-11.  He then supplied Merrill Lynch with the correct taxpayer number for the Smillie Trust, as well as probate court documents appointing Michael Tessier as successor trustee of that trust.  He directed Merrill Lynch to pay the proceeds of the policy to "Michael Tessier, Successor Trustee of the Lillian Smillie Trust for the benefit of Thaddeus Jakobiec."

Notwithstanding the foregoing correspondence, Merrill Lynch issued a check payable to the "Thaddeus J. Jakobiec Trust."  Michael endorsed the check as "Michael Tessier, Trustee of Thaddeus J.

4

Jakobiec Trust" and released the check to his brother, who deposited the check into his personal account and later paid half of the proceeds to Michael. The Tessier brothers have since been convicted and sentenced to prison in connection with their theft of funds from this and other victims.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence submitted in support of the motion must be considered in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first identify the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

On cross motions for summary judgment, the standard of review is applied to each motion separately. See Am. Home Assurance Co. v. AGM Marine Contractors, Inc., 467 F.3d 810, 812 (1st Cir. 2006) (applying the standard to each motion where cross motions were filed); see also Mandel v. Boston Phoenix, Inc., 456 F.3d 198, 205 (1st Cir. 2006) ("The presence of cross-motions for summary judgment neither dilutes nor distorts this standard of review."). Hence, I must determine "whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Adria Int'l Group, Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001).

### III.  **ANALYSIS**

Plaintiffs argue that Merrill Lynch breached the insurance contract by making the insurance policy proceeds check payable to the "Thaddeus J. Jakobiec Trust." This description of the beneficiary was improper, they argue, because it allowed Tessier to use the Fraudulent Trust to complete his misappropriation scheme. Although plaintiffs have suffered an obvious injustice at the hands of a dishonest lawyer, I conclude that they cannot recover their losses from Merrill Lynch because they cannot prove that its alleged breach caused the damages they seek.

In a breach of contract action, a plaintiff must demonstrate more than simply that the defendant breached its contract and that

the plaintiff suffered damage.  In order to recover, the plaintiff "must, by a preponderance of the evidence, show that the damages he seeks were caused by the alleged [breach] . . . ." Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust, 130 N.H. 673, 679 (1988) (quoting Grant v. Town of Newton, 117 N.H. 159, 162 (1977)).  In other words, the plaintiff can recover contract damages "only for loss that would not have occurred but for the breach."  Restatement (Second) of Contracts § 347 cmt. E (1981); see Gemini Investors Inc. v. AmeriPark, Inc., 643 F.3d 43, 48 (1st Cir. 2011) ("The causation element generally requires the plaintiff to prove that but for the defendant's breach the plaintiff would have realized some gain or avoided some loss."); Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1153 (1st Cir. 1992) (quoting Restatement (Second) of Contracts § 347 cmt. e (1981) to explain that in breach of contract actions "[t]he injured party is limited to damages based on his actual loss *caused by the breach*" (emphasis added)).  The plaintiff cannot recover, then, if he would have suffered the same harm regardless of the defendant's breach.

Applying this well established principle to the facts of the present case, I conclude that plaintiffs cannot prevail on their breach of contract claim because the undisputed facts demonstrate that they would have suffered the same harm regardless of Merrill Lynch's alleged breach of the insurance contract.  Unfortunately for

plaintiffs, the Tessiers had positioned themselves to steal the proceeds of the insurance policy regardless of whether the check for the insurance proceeds had been made payable to the Fraudulent Trust or the Smillie Trust.  Because Tessier concealed the insurance policy from the probate court and succeeded in having his brother Michael substituted as trustee of the Smillie Trust, he was in a position to complete his criminal scheme even if Merrill Lynch had made the policy proceeds payable to the correct trust.  Further, we know that Thomas Tessier intended to use the power he had obtained over the Smillie Trust to complete his criminal scheme because his final communication with Merrill Lynch instructed the company to make the insurance proceeds check payable to Michael Tessier, Successor Trustee of the Lillian Smillie Trust for the Benefit of Thaddeus Jakobiec.  Thus, Tessier would have completed his criminal scheme regardless of whether Merrill Lynch had correctly listed the Smillie Trust as the payee on the insurance policy proceeds check.

   Plaintiffs seek to overcome this problem by speculating that, had Merrill Lynch designated the correct payee, the Tessiers would have properly accounted for the check.  "[U]nsupported speculation," however, "is insufficient to forestall summary judgment."  Lockridge v. Univ. of Me. Sys., 597 F.3d 464, 471 n.6 (1st Cir. 2010).  I therefore have no choice but to enter summary judgment in favor of Merrill Lynch.

## IV. CONCLUSION

For the foregoing reason I deny plaintiffs' motion for summary judgment (Doc. No. 36) and grant Merrill Lynch's motion (Doc. No. 42). The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 2, 2012

cc: Steven M. Latici, Esq.
 Emily G. Rice, Esq.
 Martha Van Oot, Esq.